UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN C. COURTNEY, PSY.D., MP ) <br> ) <br>  v. ) <br> ) <br> DR. BARTHOLOMEW VEREB AND ) <br> ANGIE'S LIST, INCORPORATED ) <br> ) <br> ) | Civil Action No._____ <br><br><br><br> **JURY TRIAL DEMAND** |

# COMPLAINT

NOW INTO COURT, through undersigned counsel, comes plaintiff, John C. Courtney, Psy.D., MP, who brings this complaint against Dr. Bartholomew Vereb and Angie's List, Incorporated.

## I. PARTIES

1. Plaintiff, John C. Courtney, Psy.D., MP ("Courtney"), is a natural person of the full age of majority who resides in New Orleans, Louisiana.  Courtney is the Director of the Department of Psychology in Children's Hospital in New Orleans.  He is also a medical psychologist practicing in the State of Louisiana. He also has a private practice located on 6221 S. Claiborne St., in New Orleans, Louisiana.  The Plaintiff is, for purposes of 28 U.S.C. § 1332, a citizen of a state other than the states in which Defendants are citizens.

2. Defendant, Bartholomew Vereb, M.D. ("Vereb") is, upon information and belief, a natural person of the full age of majority who resides in the State of Florida.

3. The Defendant, Angie's List, Incorporated ("Angie's List") is, upon information and belief, an entity incorporated in the state of Delaware, with its principal place of business located in the State of Indiana which conducts business in the State of Louisiana, and

which purports to be the source of unbiased reports and reviews about service companies across the nation.

## II. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 in that the claims asserted herein are against defendants with citizenship other than that of the plaintiff and because the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

5. Venue is proper in the Eastern District of Louisiana pursuant to 28 U.S.C. § 1391, as the actions taken by Defendants occurred in this district and the Plaintiffs injuries were sustained in this district.

## III. FACTS AND GENERAL ALLEGATIONS

6. Angie's List is a "word-of-mouth network for consumers looking for a way to find trustworthy companies that perform high-quality work." See http://www.angieslist.com/aboutus.aspx.

7. Angie's List also purports to certify its data stating: "Before they're posted, all reviews are checked in order to guard against providers and companies that try to report on themselves or their competitors." See http://www.angieslist.com/howitworks.aspx.

8. In late December of 2011, Dr. Courtney was asked by Angie's List to grade his experience with his dentist, whom he had seen and received services in a recent appointment.

9. After completing his online review, Dr. Courtney researched "psychologist" via the Angie's List search engine and came upon a review of his services, which purportedly

were rendered on or about June 2009.  The review of Dr. Courtney's services had been placed–posted on the website of Angie's List by defendant, Dr. Vereb.

10. The review/member comments posted by Dr. Vereb on June 2, 2009 read as follows:

> I was referred to this joker by my child's school.  From what I understood, this is "mental health professional."  Courtney is NOT a doctor, nor is he a Ph.D.  Is some para-professional, not much of anything, who has gained, through legislative shenanigans, the ability to prescribe psychotropic medications.  There is no indication that he has any idea of what the side effects may be … and he is not licensed to treat those side effects in any case.  He is, in sum, a quack.
>
> Then in addition to the member comments set forth in the prior paragraph, Angie's List asked additional questions, which were responded to by Dr. Vereb.  Dr. Vereb provided the following additional comments:
>
> * * *
>
> Vereb's comment: "This is not a physician.  He is not qualified. He is a quack."
>
> Vereb's comment: "These people are not doctors.  They have no medical training whatsoever.  They misrepresent themselves."
>
> Vereb's comment: "They are, quite frankly, dangerous.  They have no qualifications whatsoever."
>
> Vereb's comment: "They are quacks.  They are not doctors, they have no (none!) medical training whatsoever.  Yet, they try to pass themselves off as physicians.  But, try calling them at 10:00 p.m. on friday night …"
>
> Vereb's comment: "Cal (sic) them at 10 p.m. on Friday night. They won't answer.  They have no clue, they have no idea what to do, they are not doctors, they are s***** pan-professionals."
>
> Vereb's comment: "At 10 p.m. at Children's ER you get a REAL M.D. no D, a psychiatris(sic) who gives a s***, cares, is a REAL M.D. and actually knows what he is doing.

> Vereb's comment:  "Avoid the "Rapid Treatment Center" like the plague.  They suck.  But, the worse part is that they are not doctors, and they have no earthly idea just how bad they are …"
> (Copy of the posting as it appeared on Angie's List website is attached as Exhibit "A")

11. This above posting appeared on Angie's List website from its original posting date, a period extending back to almost three years until it was ultimately removed.

12. When Dr. Courtney inquired about the identity of the member/poster, he was informed that he would first be required to join the business group of the site, and would only then be provided with the author's identification.

13. At the completion of joining as a "business member," Dr. Courtney learned the identity of the poster was defendant, Dr. Vereb.  Dr. Vereb is a licensed physician, practicing psychiatry in Bradenton, Florida. He is also simultaneously licensed as a physician in Louisiana with a defined practice in psychiatry.

14. Plaintiff immediately contacted Angie's List via its online internal complaint form to inform of the erroneous and fraudulent posting of defendant, Dr. Vereb. Dr. Courtney received no response from Angie's List.

15. For several months, Dr. Courtney repeatedly advised Angie's List that the contents of Dr. Vereb's posting were patently false and requested that the comment be removed immediately, but to no avail.

16. Dr. Courtney, contrary to Dr. Vereb's comments, had never met nor treated Dr. Vereb or anyone in Dr. Vereb's family.

17. Instead of immediately removing the comments once they learned that the information provided was not only false but was also inflammatory and malicious, Angie's List recommended that Dr. Courtney post a response, to which he complied.

Notwithstanding, Dr. Courtney repeatedly requested that Angie's List delete the posting to prevent any further damaged to Dr. Courtney's career and his reputation.

18. After numerous requests in writing and by telephone, defendant, Angie's List finally deleted the posting. On February 8, 2012, at 10:28 a.m. Dr. Courtney received an e-mail from a representative of Angie's List Help Desk, Kristen Rojowski, stating, in part:

> As you may know Angie's List is a consumer forum that allows customers to share details about their experience with local businesses. We do not, however, allow businesses to report on themselves or competitors. Because we believe Bartholomew Vereb operates in the field as Dr. Courtney we consider them to be competitors hence the decision to delete the report.
> (Copy of email from Ms. Rojowski is attached as Exhibit "B")

## IV. CAUSE OF ACTION AGAINST VEREB

19. Dr. Vereb intentionally and maliciously, posted false and defamatory comments concerning Plaintiff onto a national website to be viewed by all.

20. The comments were posted as part of an unprivileged publication that was viewable by third parties.

21. Dr. Vereb's comments were made to imply actual facts and not mere opinion.

22. Dr. Vereb's comments were known by him, or should have been known by him to be damaging to Dr. Courtney's reputation, character and professional career.

23. Dr. Vereb's comments invaded the personal interest of Plaintiff in his reputation and good name.

24. Dr. Vereb's comments were defamatory since they have injured Plaintiff's personal and professional reputations, and have caused personal humiliation, embarrassment and mental anguish. The comments have exposed Plaintiff to contempt or ridicule. The

comments also convey elements of personal disgrace and disrepute. Further, the defamatory comments have harmed Plaintiff's standing in the medical community.

25. The comments by Dr. Vereb were defamatory per se such that falsity, malice and injury should be presumed since by their very nature they tend to injure the Plaintiff's personal and professional reputations.

26. No privilege applies which would excuse Dr. Vereb from liability for publication of the false and defamatory comments to third parties.

### V. CAUSE OF ACTION AGAINST ANGIE'S LIST

27. Plaintiff adopts and restates the preceding paragraphs as if fully set forth herein.

28. Angie's List, at all times material herein, was the marketer, publisher, distributor and/or seller of information to the general public searching for qualified medical services.

29. Angie's List owed a duty to the Plaintiff to certify its data and to verify the contents of any negative posting that purports to be factual statements.

30. Angie's List should have known that the reviews posted on its website, its magazine, and/or available through its phone assistance service would be relied upon by the general public and its members for evaluation in determining and/or selecting a competent professional.

31. Angie's List was negligent by failing to follow its own procedures that would have prevented such damages to Plaintiff, which is contrary to their own stated policy of certifying data.

32. Angie's List breached its duty to the Plaintiff in failing to act reasonably in the marketing, distribution and dissemination of information on its website, its magazine and/or available through its phone assistance service.

33. No privilege applies that would excuse Angie's List from liability for publication of the false and defamatory comments to third parties.

34. Angie's List's publication of the defamatory comments to third parties was malicious since it knew or should have known that the comments were false.  Angie's List acted with reckless disregard for the truth.

## VI. COMPENSATORY DAMAGES

35. In addition to and by way of summarizing the compensatory damages prayed for herein, the Plaintiff avers that the defendants, Vereb and Angie's List, individually and/or jointly are responsible for all damages that the Plaintiff herein has suffered and continues to suffer as a consequence of defendants' acts and/or omissions as pled herein, which damages include, but are not limited to, past and future mental pain and suffering, past and future economic loss, past and future loss of earning capacity, as well as, all general, special, incidental and consequential damages as shall be proven at the time of trial.

36. Plaintiff has experienced both nonpecuniary and general damages such as injury to his reputation, personal humiliation, embarrassment and mental anguish.  Plaintiff has also experienced special damages in the form of lost income deriving from damage to his professional reputation.

## VII.   REQUEST FOR JURY TRIAL

Plaintiff is entitled to and requests trial by jury.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, plaintiff, John C. Courtney, Psy.D., MP, prays for judgment against the defendants, Dr. Bartholomew Vereb and Angie's List, awarding damages in an amount reasonable under the premises, with judicial interest from date of the initial posting, punitive

damages as allowed by law, for all attorney's fees, for all costs of these proceedings, and for all general and equitable relief to which he may be entitled.

        Respectfully Submitted,

        **GAINSBURGH, BENJAMIN, DAVID,**
           **MEUNIER & WARSHAUER, L.L.C.**
        **BY:** *s/Nakisha Ervin-Knott*
        **NAKISHA ERVIN-KNOTT, No. 25663**
        **JUSTIN I. WOODS, No. 24713**
        2800 Energy Centre
        1100 Poydras Street
        New Orleans, Louisiana 70163-2800
        Telephone: (504) 522-2304;
        Facsimile: (504)528-9973
        E-Mail: nknott@gainsben.com
        E-Mail: jwoods@gainsben.com

        Attorneys for Plaintiff

**PLEASE SERVE:**

**VIA LONG ARM STATUTE:**
Angie's List, Inc.
Through Registered Agent for Service of Process,
Corporation Service Company
320 Somerulous St.
Baton Rouge, LA  70802-6129

**VIA LONG ARM STATUTE:**
Dr. Bartholomew Thomas Vereb
Dynamic Health Associates, P.A.
6015 Manatee Avenue West, Suite 107
Brandenton, FL  34209